**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUNG TUAN DANG, AKA Dung Dang,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72093

Agency No. A042-490-433

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 14, 2021
San Francisco, California

Before:  WALLACE, SCHROEDER, and FORREST, Circuit Judges.

Petitioner Dung Dang, a citizen of Vietnam, petitions for review of the

decision of the Board of Immigration Appeals denying his request for withholding

of removal and for deferral of removal under the Convention Against Torture.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Board denied withholding of removal, concluding that Petitioner was ineligible for such relief because his California conviction of assault with means to cause great bodily injury was a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Petitioner does not dispute the conviction or the nature of his actions, but contends that the immigration judge failed to consider his underlying mental health disorders, including depression and substance abuse. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018) (holding that courts may consider mental health evidence when determining if a conviction is a "particularly serious crime"). The immigration judge expressly referred, however, to Petitioner's substance abuse, loneliness, and depression, and concluded that the nature of the offense—involving property damage and threat of violent injury—nevertheless rendered Petitioner ineligible for withholding. This court cannot re-weigh the evidence to reach a different conclusion as to the seriousness of the crime. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

Petitioner failed to show that he had suffered torture in the past or that it was more likely than not that he would be tortured at the hands of the government or with its acquiescence. *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1). The record, at most, establishes that Amerasians have been severely discriminated

against in Vietnam. No evidence pertaining to Petitioner himself suggests any likelihood of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (denying CAT relief because petitioner had shown that torture takes place in the proposed country of removal but had not shown that petitioner specifically would be tortured).

Petitioner's challenge to the jurisdiction of the Immigration Court is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 894 (9th Cir. 2020).

The temporary stay of removal remains in effect until the mandate issues. The motion for stay of removal is otherwise denied.

The petition for review is **DENIED**.